COURT OF APPEALS
DECISION
DATED AND FILED

October 24, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2023AP463**
**2023AP464**

Cir. Ct. Nos. 2021TP24
2021TP26

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

No. 2023AP463

IN RE THE TERMINATION OF PARENTAL RIGHTS TO D. T. B.,
A PERSON UNDER THE AGE OF 18:

CHIPPEWA COUNTY DEPARTMENT OF HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

T. M. J.,

RESPONDENT-APPELLANT.

No. 2023AP464

IN RE THE TERMINATION OF PARENTAL RIGHTS TO D. E. B.,
A PERSON UNDER THE AGE OF 18:

CHIPPEWA COUNTY DEPARTMENT OF HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

**T. M. J.,**

**RESPONDENT-APPELLANT.**

---

APPEALS from orders of the circuit court for Chippewa County: STEVEN H. GIBBS, Judge. *Affirmed*.

¶1 GILL, J.[1] Tracy[2] appeals from orders terminating her parental rights to her two sons, Derek and Drew, based upon a continuing need of protection or services.[3] Tracy argues that the circuit court erroneously exercised its discretion when it failed to consider whether Derek and Drew had substantial relationships with their older siblings and whether terminating Tracy's parental rights would be harmful to those relationships. We disagree and therefore affirm the court's ruling.

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] For ease of reading and to protect confidentiality, we refer to the appellant in this confidential manner using a pseudonym, rather than her initials, and we do the same for any of the appellant's family members referenced in this opinion.

[3] Cases appealed under WIS. STAT. RULE 809.107 are "given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply." RULE 809.107(6)(e). Conflicts in this court's calendar have resulted in a delay. It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case. *See* WIS. STAT. RULE 809.82(2)(a); ***Rhonda R.D. v. Franklin R.D.***, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995). Accordingly, we extend our deadline to the date this decision is issued.

**BACKGROUND**

¶2      In January 2020, Derek and Drew were removed from Tracy's care. The circuit court ordered that Derek and Drew be placed in a foster home. Due to the children's behavior, Derek and Drew were moved to their current level four treatment foster home, in November 2020.[4]  The current foster family has been providing children with foster care for over ten years and they have specialized training in caring for traumatized children.

¶3      In December 2020, and as relevant here, the circuit court suspended contact between Tracy and Derek and Drew. The Chippewa County Department of Human Services petitioned for the termination of Tracy's parental rights, on grounds that her children were in a continuing need of protection or services (CHIPS).  In October 2022, following a bench trial, the court found grounds to terminate Tracy's parental rights to both boys, and further found Tracy unfit to parent Derek and Drew pursuant to WIS. STAT. § 48.424(4).  The court then scheduled a dispositional hearing to determine Derek's and Drew's best interests. At the dispositional hearing, the Department called two witnesses to testify concerning Derek's and Drew's best interests.

¶4      The Department's first witness was Sara Torrence, Derek and Drew's social worker.  Torrence testified that Derek and Drew did not have a substantial relationship with Tracy, neither boy had any contact with Tracy for over two years, and no one in Tracy's family other than the boys' siblings had

---

[4] To qualify as a level four treatment foster home, a foster family must meet heightened requirements including being foster parents for a specified number of years and receiving specialized training for traumatized children.

substantial relationships with the boys. Torrence stated that Derek and Drew had relationships with their siblings and that they still had contact with their siblings. Torrence also testified that, in her opinion as a social worker, it was in Derek's and Drew's best interests to terminate Tracy's parental rights.

¶5 The Department's second witness was Derek and Drew's foster mother. She testified that Derek and Drew did not refer to Tracy as "mom" and had never asked to see Tracy. She also stated that Derek and Drew had relationships with their siblings. The foster mother further testified that she had to temporarily stop contact between Derek and Drew and their sister, Dina, due to Dina's mental health issues, and because the foster parents felt that contact with her was not currently safe.

¶6 The foster mother testified that she and her husband, however, had tried to maintain visits between Derek and Drew and all of their siblings. The foster parents had: hosted a family feast, and all of Derek and Drew's siblings were invited to attend; they took Derek and Drew to a restaurant to meet with their siblings, Adam and Stacy; and they invited Dina to their home multiple times. The foster mother stated that it was "[a]bsolutely" their intention to continue to maintain a relationship among Derek, Drew, and their siblings as "it's important to have that biological connection because otherwise the children really struggle to find a place in the world."

¶7 Tracy testified that, among other things, she wanted all of her children to be together in the same home. The circuit court then weighed each of the six factors in WIS. STAT. § 48.426 to determine each child's best interests. The court found the following: (1) there was a high likelihood that Derek and Drew would be adopted; (2) Derek and Drew had been living with their foster parents

4

for over two years and had been thriving under their care; (3) none of Tracy's relatives had substantial relationships with Derek and Drew, and Tracy had not contacted her children in over two years; (4) Derek and Drew wished to have their last name changed to their foster parents' last name; (5) Derek and Drew had been out of Tracy's home for three years; and (6) Derek and Drew were in a strong, positive support system where their needs were being met.

¶8      After making these findings, the circuit court stated that all six factors indicated that it was in Derek's and Drew's best interests to terminate Tracy's parental rights. The court terminated Tracy's parental rights to Derek and Drew. Tracy now appeals.

## DISCUSSION

¶9      On appeal, Tracy argues that the circuit court erroneously exercised its discretion at the dispositional hearing when it terminated her parental rights. Specifically, Tracy contends that the court failed to sufficiently consider, as required by statute, whether Derek and Drew have a substantial relationship with their siblings and whether terminating Tracy's parental rights would be harmful to Derek's and Drew's relationships with their siblings. We disagree.

¶10     A circuit court's ultimate decision of whether to terminate parental rights is discretionary. *Gerald O. v. Cindy R.*, 203 Wis. 2d 148, 152, 551 N.W.2d 855 (Ct. App. 1996). We will not reverse the court's decision unless the court erroneously exercised its discretion. *State v. Margaret H.*, 2000 WI 42, ¶32, 234 Wis. 2d 606, 610 N.W.2d 475. A court "properly exercises its discretion when it examines the relevant facts, applies a proper standard of law and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach." *Cindy R.*, 203 Wis. 2d at 152.

¶11 A contested proceeding for the termination of parental rights involves a two-step procedure. Only the second step is at issue here.[5] Having found that grounds exist to terminate Tracy's parental rights and that Tracy was unfit to parent Derek and Drew, the circuit court was required to determine whether to terminate Tracy's parental rights at a dispositional hearing. *See Sheboygan Cnty. Dep't of Health & Hum. Servs. v. Julie A.B.*, 2002 WI 95, ¶¶26, 28, 255 Wis. 2d 170, 648 N.W.2d 402. The court must consider the best interests of the child at this stage of the proceedings. WIS. STAT. § 48.426(2). To determine the best interests of the child, the court must consider, but is not limited to, the following six factors:

> (a) The likelihood of the child's adoption after termination.
>
> (b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> (c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> (d) The wishes of the child.
>
> (e) The duration of the separation of the parent from the child.
>
> (f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

Sec. 48.426(3).

---

[5] Tracy does not challenge the circuit court's findings with respect to the grounds phase of the proceedings. Rather, Tracy challenges only the court's findings during the dispositional phase.

¶12    In this case, Tracy contends that the circuit court erroneously exercised its discretion under WIS. STAT. § 48.426(3)(c) by not considering Derek's and Drew's relationships with their biological siblings.  Tracy concedes that the court properly considered the five other statutory factors.

¶13    The record belies Tracy's argument.  The circuit court considered whether the children had a substantial relationship with their mother or other family members, stating "[t]here was testimony that none of the relatives of [Tracy] have a substantial relationship with [Derek and Drew] and, additionally, that [Tracy] hasn't had contact with the children in over two years."  The court further found that it would not be harmful to the children to sever their relationships with their mother and her relatives.

¶14    Tracy correctly states that the circuit court did not specifically mention Derek's and Drew's relationships with their siblings and that Derek's and Drew's relationships with their siblings were severed by the termination of her parental rights.  *See Margaret H.*, 234 Wis. 2d 606, ¶¶19-21.  However, we conclude that the record supports the court's implicit finding that severance of Tracy's parental rights would not be harmful to Derek's and Drew's relationships with their siblings.  *See Randall v. Randall*, 2000 WI App 98, ¶7, 235 Wis. 2d 1, 612 N.W.2d 737 ("Although the proper exercise of discretion contemplates that the [court] explain its reasoning, when the court does not do so, we may search the record to determine if it supports the court's discretionary decision.").

¶15    The circuit court heard how the foster parents supported the children's relationships with their siblings.  They invited Dina over to their house multiple times and took Derek and Drew to meet their siblings at a restaurant.  Additionally, their foster mother stated that they had held a family feast, inviting

Derek and Drew's siblings to attend, and they intended to do so again. The foster mother stated that future contact was "[a]bsolutely" the foster family's intention. There was no testimony or evidence in the record to suggest that severing Tracy's parental rights would be harmful to Derek's and Drew's relationships with their siblings.

¶16 Tracy argues that the foster mother's testimony regarding her desire to continue contact with Derek and Drew's siblings should not be considered evidence that it would not be harmful to sever Tracy's parental rights because "[a] promise of continued contact 'made today may be broken in the future.'" *See Margaret H.*, 234 Wis. 2d 606, ¶28. Tracy argues that instead, this court should interpret the foster mother's testimony to show that severing Tracy's parental rights would harm the emotional and psychological bonds between Derek, Drew, and their siblings. We disagree.

¶17 While the circuit court is not required to rely on an adoptive parent's promises to continue contact with a child's birth family, "[i]n its discretion, the court may afford due weight to an adoptive parent's stated intent to continue visitation with family members." *Id.*, ¶29. Here, we can reasonably infer that the court relied on the foster mother's promises to continue contact. The court heard that the foster parents had extensive training regarding traumatized children, had been fostering children for over ten years, and that they believed it was important for Derek and Drew to "have a biological connection" so that they would not "struggle to find a place in the world." Further, the court heard the various ways that the foster parents maintained contact between Derek, Drew, and their siblings, as well as their plans to host future family gatherings. Thus, the court did not erroneously exercise its discretion under WIS. STAT. § 48.426(3)(c) when it

ultimately found it in Derek's and Drew's best interests to terminate Tracy's parental rights.

¶18    Tracy argues that her case is like ***State v. Bolstad***, 2021 WI App 81, 399 Wis. 2d 815, 967 N.W.2d 164, where this court concluded that the circuit court had erroneously exercised its sentencing discretion by failing to consider a mandatory statutory factor when sentencing the appellant.  We disagree.  Unlike the court in ***Bolstad***, the court here explicitly addressed the statutory factor of whether Derek and Drew have substantial relationships with their parent or other family members and whether it would be harmful to sever those relationships. While the court focused its analysis on Derek's and Drew's relationships with Tracy and Tracy's family members, we can infer that the court relied on the foster mother's promises to continue contact between Derek, Drew, and their siblings. The court could, therefore, reasonably find that termination of Tracy's rights would not be likely to harm Derek and Drew.

*By the Court.*—Orders affirmed.

This opinion will not be published.  *See* Wis. Stat. Rule 809.23(1)(b)4.